UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. TRUST COMPANY, N.A.,

        Plaintiff,

v.

ROBERT S. STOLAR,

        Defendant.

Civil Action No. 07 CV 7357 (WHP) (AJP)

---

## DEFENDANT ROBERT STOLAR'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

### INTRODUCTION

On June 28, 2007, defendant Robert Stolar ("Stolar") resigned from his employment with plaintiff, U.S. Trust Company, N.A. ("U.S. Trust"). Seven weeks later, on August 17, U.S. Trust filed a Complaint against Stolar, vaguely alleging -- without any detail -- that Stolar had violated a restrictive covenant he signed while at U.S. Trust. Notably, U.S. Trust did not move for a restraining order or a preliminary injunction. In fact, it is now more than two months since Stolar resigned and U.S. Trust still has not moved for any injunctive relief. Despite its own languid pace, however, U.S. Trust now seeks to force Stolar and other non-parties to participate in expedited discovery. U.S. Trust's request for expedited discovery must be denied.

First, as a matter of law, U.S. Trust cannot show that it will be irreparably harmed by any of the actions it alleges in its Complaint. U.S. Trust alleges primarily that Stolar violated his restrictive covenant by soliciting customers and employees of U.S. Trust to join Stolar at Morgan Stanley. While Stolar disputes those claims, if U.S. Trust were to succeed, any damage it suffered by the loss of customers and employees would be easily quantifiable through lost

revenues. In fact, *U.S. Trust acknowledged as much by including a **liquidated damages clause** in the restrictive covenant which measures its damages by specific revenues.*

Because it is evident from the face of U.S. Trust's Complaint that U.S. Trust has an adequate remedy at law, U.S. Trust cannot demonstrate the irreparable harm necessary to obtain preliminary injunctive relief--the only relief it can properly seek in this proceeding. Since U.S. Trust's claim must fail as a matter of law, expedited discovery is unnecessary and would be wasteful and unduly prejudicial to Stolar.

Second, U.S. Trust has not demonstrated the good cause necessary to obtain expedited discovery. As set forth herein, U.S. Trust delayed in bringing this action, and has not moved for injunctive relief despite the fact that most of the acts which U.S. Trust alleges occurred shortly after Stolar's departure in June or before. U.S. Trust has not identified any specific reason why discovery must now be expedited suddenly.

Nor has U.S. Trust specifically identified the scope of the discovery that it seeks, either in its Motion papers, or in the time since the initial conference with the Court. The fact that U.S. Trust has not moved for injunctive relief makes it particularly difficult to foresee boundaries on its proposed expedited discovery. The fact that U.S. Trust seeks to preserve the broadest possible scope of discovery highlights the unreasonable nature of its request.

Nothing in Stolar's employment agreement changes the foregoing analysis. That agreement does not relieve U.S. Trust of the need to prove irreparable harm, nor does it allow U.S. Trust to seek unlimited expedited discovery without filing for an injunction. As a matter of law, U.S. Trust has failed to demonstrate that expedited discovery is warranted, and its Motion should be denied. The parties should proceed to arbitrate any claims U.S. Trust may have for damages before the American Arbitration Association ("AAA") pursuant to Stolar's agreement.

## ARGUMENT

A.  **Legal Standards Governing Expedited Discovery**

Fed. R. Civ. P. 26(d) governs the timing and sequence of discovery and provides in relevant part, "except . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The Federal Rules of Civil Procedure do not provide specific standards for evaluating expedited discovery motions.

To determine whether expedited discovery is appropriate, this Court has recognized and used two approaches: (1) the *Notaro* test; and (2) the reasonableness, or good cause, test. In *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), this Court articulated the following standard for expedited discovery: "courts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Notaro*, 95 F.R.D. at 405. *See also Don King Productions, Inc. v. Hopkins*, 2004 WL 2997800 (S.D.N.Y. 2004) (applying the above stated *Notaro* test and denying plaintiff's motion for expedited discovery).[1]

In other cases, this Court has employed a reasonableness test which considers the reasonableness of the request in light of the entire record to date and all of the surrounding circumstances. *See, e.g., Ayyash v. Bank Al-adina*, 233 F.R.D. 325, 327 (S.D. N.Y. 2005). Factors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: "(1) whether a preliminary injunction is pending; (2) the breadth of the

---

[1] Despite that fact it has been applied numerous times by this Court, U.S. Trust ignores the *Notaro* test in its Memorandum of Law.

3

discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 143 (D. D.C. 2006) (citing *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 WL 22519440, at *3-5 (E. D. Pa.).

U.S. Trust cannot meet either test. U.S. Trust cannot demonstrate irreparable harm, a key element under the *Notaro* test. Moreover, U.S. Trust's request for expedited discovery is unreasonable because: 1) U.S. Trust's claim for preliminary injunctive relief fails as a matter of law; and 2) U.S. Trust is responsible for an almost two month delay in filing its Complaint, has not even filed a motion for preliminary injunctive relief and is seeking unlimited discovery.

### B. Expedited Discovery Is Unwarranted Because It Is Evident On The Face Of The Complaint That U.S. Trust Is Not Entitled To Injunctive Relief

#### 1. Legal Prerequisites for Preliminary Injunctive Relief

Courts in New York have long held that preliminary injunctive relief is "an extraordinary and drastic remedy which should not be routinely granted." *Medical Society of the State of New York v. Toia*, 560 F.2d 535, 538 (2d Cir.1977); *Earthweb, Inc. v. Schlack*, 71 F. Supp.2d 299, 308 (S.D. N.Y. 1999), *remanded*, 208 F.3d 1322 (2d Cir.), *aff'd*, 2000 WL 1093320 (2d Cir. May 18, 2000). If and when it moves for a preliminary injunction, U.S. Trust must show: "(1) either a likelihood that [it] will succeed on the merits of [its] claim, or that the merits present serious questions for litigation and the balance of hardships tips decidedly toward the plaintiff; and (2) that without the injunction, [it] will likely suffer irreparable harm before the court can rule upon [its] claim." *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 122 (2d Cir.1994); *see also Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979).

A showing of irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction." *Bell & Howell v. Masel Supply Co.*, 719 F.2d 42, 45 (2d Cir.1983). The mere possibility of harm is not sufficient: the harm must be imminent and the movant must show it is likely to suffer irreparable harm if equitable relief is denied. *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir.1990); *Earthweb*, 71 F. Supp.2d at 308. If irreparable harm is remote, speculative, or a mere possibility, the motion must be denied. *See Borey v. National Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir.1991); *Reuters Ltd. v. United Press, Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir.1990).

2. **Because U.S. Trust Has an Adequate Remedy at Law, It Will Not Suffer "Irreparable" Harm in the Absence of Preliminary Injunctive Relief**

Cases in which an employer is awarded injunctive relief to prevent post-employment competition are typically based on a finding that competition by the employee will result in damage to the former employer which is *unquantifiable* or *irreparable*. In this case, by contrast, any damages suffered by U.S. Trust are readily quantifiable. The essence of U.S. Trust's claim is that Stolar violated his agreement by soliciting customers and employees of U.S. Trust. *See* Complaint at ¶¶ 13, 15, 19. Any loss that would be suffered by the solicitation of customers and employees could easily be measured by calculating U.S. Trust's lost revenues from the affected accounts.

In fact, U.S. Trust recognized this when it drafted a liquidated damages clause into Stolar's restrictive covenant. The liquidated damages provision provides:

> In the event of breach by you of Section 2a) or 2b) . . . U.S. Trust shall be entitled to, as liquidated damages, and not as a penalty, an amount equal to the greater of a) the revenue received by U.S. Trust during the twelve month period immediately proceeding the termination of your employment with U.S. Trust for each client you served at U.S. Trust who has transferred or diverted business from U.S. Trust to you or to any entity with whom you have

5

> become associated or b) the revenue received by you or by any entity with whom you may be associated for the twelve month period following termination of your employment with U.S. Trust from each client you served at U.S. Trust.

*See* Exhibit "A" attached hereto at ¶ 4.

By inserting this provision into Stolar's agreement, U.S. Trust acknowledged that it could be fully compensated by money damages in the event of a breach. Having chosen its remedy, and recognized that any losses could be measured by revenues that can be readily verified, U.S. Trust cannot demonstrate the likelihood of irreparable harm needed for injunctive relief. Therefore, as a matter of law, U.S. Trust cannot meet the test for a preliminary injunction.

Earlier this year, the Supreme Court of the State of New York, County of Nassau considered this very issue and denied a request for injunctive relief to enforce a restrictive covenant that contained a liquidated damages clause. *See Long Island Conservatory, LTD v. Jin et al.*, 836 N.Y.S. 2d 486, 2007 WL 137114 (N.Y. Sup. 2007) (attached hereto as Exhibit "B"). In denying the request for injunction, the Court held that "since [plaintiff] included a liquidated damages provision in the restrictive covenant it drafted, it can be fully compensated by an award of money damages in accordance with the liquidated damages clause . . . ***A party which can be fully compensated by money damages has not sustained irreparable harm thus precluding preliminary injunctive relief.***" 2007 WL 137114 at * 3-4 (emphasis added). *See also USAchem, Inc. v. Goldstein*, 512 F.2d 163, 160 (2d Cir. 1975) (finding that plaintiff's claim for injunctive relief failed in light of liquidated damages clause); *Timm & Associates., Inc. v. Broad*, 2005 WL 3241832 *3 (D. Minn. 2005) (holding that injunctive relief for breach of a restrictive covenant was improper because plaintiff's damages were easily calculable and finding persuasive defendant's argument that the parties chose their remedy by including a liquidated damages clause in the contract). As in these cases, now that U.S. Trust has identified a specific monetary

remedy for breach of the contract, it cannot demonstrate the irreparable harm required to obtain injunctive relief.

Even in the absence of the liquidated damages provision, U.S. Trust could not establish irreparable harm. In cases such as this one, where the ultimate remedy U.S. Trust will seek can be measured by lost revenue, New York courts have held that monetary relief is adequate to address an employer's injury and that injunctive relief is inappropriate. The Supreme Court, Appellate Division recently denied a motion for injunctive relief based on a post-employment confidentiality agreement, holding that the employer's remedy could be measured by money damages equal to transactions lost as a result of defendant's alleged breaches. *U.S. Re Companies, Inc. v. Scheerer*, 838 N.Y.S.2d 37, 40 (N.Y.A.D. 1 Dept., 2007). Similarly, in *Rick J. Jarvis, Associates Inc. v. Stotler*, 216 A.D.2d 649, 651 (N.Y.A.D. 3 Dept.,1995) the Appellate Division found no irreparable injury arising from a breach of non-solicitation covenant, "since monetary damages could be calculated without great difficulty if defendant has obtained business from plaintiff's confidential lists." *See also Kanan, Corbin, Schupak & Aronow, Inc. v. FD International, LTD et al.*, 8 Misc.3d 412, 797 N.Y.S.2d 883 (N.Y. Sup. 2005) (holding that any injury caused by breach of defendants' non-competition and non-solicitation covenants "is easily calculable as a measure of lost fees").

In addition to the clear law in New York establishing a lack of irreparable harm in this matter, cases throughout the country considering similar arguments in restrictive covenant cases in the financial services industry have reached the same conclusion. In *Morgan Stanley v. Frisby*, 63 F. Supp.2d 1371 (N. D. Ga. 2001), the court held that Morgan Stanley did not suffer irreparable harm as a result of the departure of two financial advisers to work for a competitor. In language that is equally applicable here, the court held:

7

> The securities industry is highly regulated. Each individual transaction is monitored electronically. Every customer transfer from Morgan Stanley is documented. Every executed trade is recorded. Every dollar earned in fees by Defendants Frisby and Lovell doing business with those customers that Morgan Stanley considers its own can be traced precisely. Any loss Morgan Stanley might suffer as a result of Defendants' departure is calculable . . . Plaintiff has failed to demonstrate irreparable harm if a temporary restraining order is not issued.

63 F. Supp.2d at 1376. *See also Prudential Securities, Inc. v. Plunkett*, 8 F. Supp.2d 514 (E. D. Va. 1998) (Prudential not entitled to injunctive relief since loss of commissions on accounts that switched to Dean Witter and Prudential's expenses related to training petitioner could be compensated by monetary damages); *Merrill Lynch, Pierce, Fenner & Smith v. Bennert*, 980 F. Supp. 73, 75 (D. Me. 1997) (Merrill Lynch not entitled to injunctive relief because "where economic damages are the injury relied upon, it is to be remembered that economic harm, in and of itself is not sufficient to constitute irreparable injury."). Significantly, those courts reached the conclusion that damages were readily calculable even without a liquidated damages formula set forth in the contracts at issue, such as exists here.

U.S. Trust cannot rely on Stolar's agreement to evade its burden of proving irreparable harm. While the agreement provides that U.S. Trust may "seek" injunctive relief, nowhere did Stolar agree that injunctive relief was appropriate. Significantly, unlike many agreements of this type, Stolar's contract does ***not*** contain any language in which he agrees that a breach would result in irreparable harm or in which he consents to injunctive relief. And even if the contract did contain such language, it is well-settled that U.S. Trust would still be obligated to prove all of the prerequisites for an injunction, including the most important element--irreparable harm. *See* Restatement of Contracts § 359 Comment A ("Because the availability of equitable relief was historically viewed as a matter of jurisdiction the parties cannot vary by agreement the requirement of inadequacy of damages."). In *American Express Financial Advisors, Inc. v.*

*Hazlewood*, 2005 WL 4655136 *2-5 (E.D. Ark. 2005), a case in which the parties contractually agreed to preliminary injunctive relief pending arbitration, the court, citing the Restatement, found that the plaintiff had an adequate remedy at law in the form of damages at arbitration and further stated, "the stipulation to the contrary contained in the agreements can not alter the true effect on the Plaintiff resulting from the Defendant's past or future violations of the terms of the agreements." *See also Bennert*, 980 F. Supp. at 76. (holding that public policy counsels against the use of the court's equitable powers for injunctive relief in the absence of irreparable harm and it is against public policy to allow parties to abrogate by contract a policy-based limitation upon the court's equitable powers).

Because U.S. Trust cannot demonstrate that it will be irreparably harmed in the absence of an injunction, its claims for preliminary injunctive relief fail as a matter of law. Therefore, there is no reason to expedite discovery, and to do so would be wasteful and unfairly prejudicial to Stolar.

### C. U.S. Trust Has Failed To Demonstrate Good Cause for Expedited Discovery

U.S. Trust also has failed to demonstrate good cause for expediting discovery, under either the *Notaro* test or under a "reasonableness" standard.

U.S. Trust's belated demand for expedited discovery stands in stark contrast to its own delays in seeking relief here. U.S. Trust did not act immediately, or even expeditiously, on learning of Stolar's departure. It has not sought any emergency relief. Nor has U.S. Trust indicated any reason to believe that evidence will be lost, or further harm sustained, if discovery is not expedited. Yet U.S. Trust now wants Stolar and other non-parties to be forced into a rushed fire-drill of expedited discovery.

Moreover, it seems clear that U.S. Trust is not truly interested in injunctive relief. Certainly, injunctive relief is of little, if any, utility at this time. By U.S. Trust's own admission,

9

most of the U.S. Trust employees who worked in the Western Region of its Multi Family Office already have chosen to leave U.S. Trust. Customers have had two months to consider whether they wish to stay with U.S. Trust after Stolar's resignation (and U.S. Trust's acquisition by Bank of America) and have presumably made up their minds. When considering U.S. Trust's delays, the minimal utility of preliminary injunctive relief at this time, and U.S. Trust's inclusion of a liquidated damages clause in Stolar's restrictive covenant, it is clear that U.S. Trust's true intention is not to seek discovery in aid of an injunction, but to make an end-run around the limited discovery rules of AAA and to use this Court's discovery procedures in the hope of finding some evidence to support an arbitration claim.

Against this background, U.S. Trust cannot demonstrate good cause for expediting discovery.

### 1. U.S. Trust Cannot Satisfy the *Notaro* Test

Some proof of irreparable injury is a key component of the *Notaro* test. As set forth above, U.S. Trust has an adequate remedy at law and cannot establish irreparable injury. *See* pp. 5-9, *supra*. Nor has U.S. Trust alleged any facts to suggest that irreparable injury will occur absent expedited discovery. As a result, U.S. Trust has failed to establish parts 1 and 3 of the *Notaro* test.

For the same reasons, U.S. Trust cannot show a probability of success on the merits, which is part 2 of the *Notaro* test. U.S. Trust simply has no evidence that Stolar is violating his contract, but instead relies solely on conclusions reached from innocuous facts, which do not constitute unlawful conduct.

Finally, U.S. Trust cannot demonstrate that if expedited discovery is denied its injury will be greater than Stolar's injury if expedited discovery is granted. U.S. Trust already has waited

two months and has not demonstrated that it now needs expedited procedures. In addition, there is no cause to believe the relevant witnesses and documents will not be available in the normal course of these, or AAA, proceedings. Conversely, Stolar will be greatly prejudiced if U.S. Trust is able to take discovery in aid of AAA claims that is not provided for under AAA rules (such as depositions). Under the *Notaro* test, expedited discovery plainly is improper.

2. <u>U.S. Trust Cannot Satisfy the Reasonableness Test</u>

The overall circumstances of this matter dictate the same result under the reasonableness test. Notably, there is no pending motion for a preliminary injunction, which is the first factor to be considered under this test. This omission is more than a procedural technicality. As one federal court found when considering a near identical case, a motion for expedited discovery is not reasonably timed, where the plaintiff has not yet filed an application for preliminary injunctive relief setting out in detail the areas in which expedited discovery is necessary. *See Dimension Data North America, Inc. v. Netstar-1, Inc.*, 226 F.R.D. 528, 531-32 (E.D. N.C. 2005) (denying expedited discovery under the reasonableness test). The same reasoning applies here.

In *Dimension*, the court further found the discovery requested was not narrowly tailored to obtain information relevant to a preliminary injunction determination, but sought a broad range of information. *Id.* at 532. Here, U.S. Trust has not even set forth precisely what types of discovery it intends to take or what topics it hopes to cover. However, in brief discussions, it is clear that U.S. Trust intends to place a considerable discovery burden on Stolar and several non-parties to this proceeding. U.S. Trust's omission of the discovery it is seeking in its motion papers is not surprising considering U.S. Trust's complete lack of evidence and its intention to seek any evidence that may support an arbitration claim against Stolar, or others.

U.S. Trust relies on *Ayyash v. Bank Al-adina*, 233 F.R.D. 325 (S.D. N.Y.2005), a case

which is factually inapposite. In *Ayyash*, the plaintiff sought expedited discovery in order to find U.S. based assets of foreign banks and individuals from whom he was seeking over $1 billion. *Id.* at 326. The court found that "Plaintiff made a strong evidentiary showing of substantiality of his claims," and noted the potential for delay to cause substantive harm due to the defendants' incentive and capacity to hide their assets. *Id.* at 327. U.S. Trust has not made a strong evidentiary showing of the substantiality of its claims, nor demonstrated the necessary urgency of the plaintiff in *Ayyash*. Accordingly, U.S. Trust's reliance on this case is misplaced.

### 3.   U.S. Trust Cannot Contractually Compel Expedited Discovery

Perhaps recognizing the futility of doing so, U.S. Trust makes little effort to allege facts to support the need for expedited discovery. Instead, U.S. Trust relies almost solely on language in Section 5 of Stolar's contract referring to expedited discovery. This argument fails as a matter of law.

First, Stolar's agreement only provides for expedited discovery "Should U.S. Trust seek temporary or preliminary injunctive relief . . . ." As discussed above, U.S. Trust has not filed a motion for such relief, nor could it in good faith considering the unsubstantiated, conclusory nature of its allegations. Thus, U.S. Trust's attempt to seek expedited discovery contravenes the plain language of the contract.

Second, just as U.S. Trust cannot contract around its requirement to prove irreparable harm, it cannot contract around the requirement to demonstrate good cause for expedited discovery. *See American Express v. Hazlewood*, 2005 WL 4655136 *2 ("The parties cannot by contract *require* a court to recognize any particular equitable remedy in the event of a breach of that contract"); *Bennert*, 980 F. Supp. at 76 (Parties cannot insulate their requests for equitable relief from court scrutiny by including a stock phrase or clause in a contract). U.S. Trust must

satisfy the necessary prerequisites to obtain expedited discovery, and, as set forth above, it has not done so.

U.S. Trust has not made the showing of good cause necessary for an order granting expedited discovery under either test recognized by this Court. Therefore, even if this Court does not find that U.S. Trust is barred, as a matter of law, from seeking preliminary injunctive relief, U.S. Trust is still not entitled to the expedited discovery it seeks.

## CONCLUSION

For all of the above stated reasons, Defendant Robert Stolar respectfully requests that this Court deny U.S. Trust's Motion for Expedited Discovery in its entirety.

Dated: August 29, 2007

Respectfully submitted,

By: _____
Stuart P. Slotnick, Esq. (SS-1964)
**BUCHANAN INGERSOLL & ROONEY P.C.**
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4400

Attorney for Robert Stolar