UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. TRUST COMPANY, N.A., <br><br> Plaintiff, <br><br> -against- <br><br> ROBERT S. STOLAR, <br><br> Defendant. | Civil Action No. |

**MEMORANDUM OF LAW IN SUPPORT OF U.S. TRUST COMPANY'S MOTION FOR EXPEDITED DISCOVERY**

GIBBONS P.C.
One Pennsylvania Plaza
New York, New York 10119-3701
(212) 613-2000

-and-

COSS & MOMJIAN, LLP
111 Presidential Blvd., Suite 233
Bala Cynwyd, Pennsylvania 19004
(610) 667-6912

Attorneys for Plaintiff

#1218964 v1
104768-60458

I. **INTRODUCTION**

Plaintiff U.S. Trust Company, N.A. ("U.S. Trust") respectfully submits this memorandum of law in support of its motion for expedited discovery in connection with its claim for preliminary injunctive relief. For the reasons set forth below, including the violations (both actual and threatened) of Defendant Robert S. Stolar's contractual, trade secret and other obligations and Stolar's express agreement to expedited discovery contained in his employment contract, U.S. Trust respectfully requests that the Court grant its motion for expedited discovery so that U.S. Trust can ascertain the extent of Stolar's violations in anticipation of preliminary injunctive proceedings before this Court.

II. **BACKGROUND**

Stolar was the Principal for U.S. Trust's Multi-Family Office ("MFO") for the Western Region. MFO teams are devoted to servicing affluent and ultra-high net worth clients. In 2006, U.S. Trust's Western Region MFO - supervised by the Defendant - generated approximately $10 million in revenues for U.S. Trust.

As a condition of his continuing employment with U.S Trust, Defendant Stolar signed an "Employment Agreement Regarding Confidentiality and Non-Solicitation," wherein he agreed, in part, not to solicit clients or employees for one year after the termination of his employment and not to use or disclose any confidential and proprietary information, including client information:

> 2. <u>Non-Solicitation of Client and Employees</u>.
>
> To further protect Confidential and Proprietary Information of U.S. Trust and the goodwill associated with the client and prospective client relationships of U.S. Trust, you agree that:

a) during your employment with U.S. Trust, and for a period of twelve (12) months following termination of your employment with U.S. Trust, you will not, directly or indirectly, solicit or induce existing or prospective U.S. Trust clients, to whom you provided services or with respect to whom you devoted efforts seeking to provide such services, to transfer or divert business from U.S. Trust or otherwise to avoid, diminish or discontinue a relationship with U.S. Trust and

b) during your employment with U.S. Trust, and for a period of twelve (12) months following termination of your employment with U.S. Trust, you will not, directly or indirectly, solicit, induce or encourage any U.S. Trust employee to terminate employment with U.S. Trust to join a business competitive with the businesses of U.S. Trust.

(See Exhibit "A" to the Complaint).

In this Agreement, Stolar also agreed to return to maintain the confidentiality of all U.S Trust client and business information and to return all such information immediately upon his termination of employment:

1. Confidential and Proprietary Information.

In connection with your employment by U.S. Trust you will have (and you hereby acknowledge you have) access to sensitive, non-public information of U.S. Trust and its clients including but not limited to: a) client-related information (i.e. client names, client contact information, client lists, client account contents and statements, investment, estate and taxation strategies, current and historical investment performance data, etc.) b) employee, vendor and independent contractor information (i.e. names and contact information, personal and financial information, services, compensation, rate structures etc.) and c) business information of U.S. Trust (i.e. financial performance, marketing, sales, product and regulatory information etc.) (collectively "Confidential and Proprietary Information"). You agree that you will not disclose or permit or facilitate disclosure of Confidential and Proprietary Information to persons outside U.S. Trust or use such information for purposes other than as specifically authorized by U.S. Trust for purposes intended by U.S. Trust.

**********

> 3. <u>Return of Records.</u>
>
> Immediately upon termination of your employment with U.S. Trust, you agree to return all Confidential and Proprietary Information in your possession, custody and control to U.S. Trust and provide a sworn certification attesting that you have done so.

(<u>See</u> Exhibit "A" to the Complaint).

Although the merits of this dispute are arbitrable before the American Arbitration Association, Stolar explicitly consented to the jurisdiction of this Court for any preliminary injunction action brought by U.S. Trust in the event he breached the terms of his agreement. <u>He also agreed to expedited discovery</u>, including depositions, in connection with any application for temporary or preliminary injunctive relief. Paragraphs 4 and 5 of Stolar's Agreement state, in part:

> 4. <u>Arbitration</u>.
>
> . . . . You further agree that, notwithstanding your agreement to arbitrate, in connection with any breach of threatened breach of this Agreement, U.S. Trust may proceed first to any federal or state court of competent jurisdiction to seek temporary or preliminary injunctive relief to enforce the provisions of this Agreement in aid or support of the arbitration proceeding.
>
> 5. <u>Discovery.</u>
>
> **You agree that should U.S. Trust seek temporary or preliminary injunctive relief with regard to the breach or threatened breach by you of this Agreement, U.S. Trust shall be entitled to expedited discovery including depositions, whether or not laws of the jurisdiction or applicable arbitration rules provide for such expedited discovery**.

(<u>See</u> Exhibit "A" to the Complaint) (emphasis added).

In addition to executing the above referenced Agreement, Stolar also agreed to maintain the confidentiality of U.S. Trust's business and client information pursuant to the U.S. Trust Code of Business Ethics. (<u>See</u> Exhibit "B" to the Complaint).

4

#1218964 v1
104768-60458

On June 28, 2007, Defendant Stolar resigned his employment from U.S. Trust without any advance notice to commence employment at Morgan Stanley, a direct competitor of U.S. Trust, in New York City. Within two weeks of Stolar's sudden resignation, four other U.S. Trust employees who had worked with or for Stolar in U.S. Trust's MFO resigned without any advance notice whatsoever to join him at Morgan Stanley. Two of these employees, Mary Davey and Christine Guidera, resigned at virtually the same time as Stolar. The other two, Morris Noble and Stacey Pugsley, resigned within approximately two week's of Stolar's resignation.

As a result of these mass departures, the business unit Stolar had supervised was decimated. Equally troubling, on or about April 12, 2007, and prior to his resignation from U.S. Trust, Stolar e-mailed to Morgan Stanley a U.S. Trust Emerging Markets presentation. This presentation was proprietary to U.S. Trust, was in no way intended for any competitor of U.S. Trust, and contains, among other things, model U.S. Trust client asset allocations and other information compiled by U.S. Trust on emerging markets.

Based on the foregoing, including the nearly wholesale departure of Stolar's business unit to a competitor and the e-mailing of confidential U.S. Trust business information to a competitor prior to his departure, U.S. Trust has very good reason to believe that Stolar has violated his obligations to U.S. Trust, including the contractual provisions set forth above.

### III. ARGUMENT

U.S. Trust is entitled to expedited discovery, including depositions, in connection with and in anticipation of temporary injunctive relief proceedings before this Court. Rule 26(d) of the Federal Rules of Civil Procedure permits early discovery where there is an "agreement of

the parties." As set forth above, U.S. Trust and Stolar <u>agreed</u> to such expedited discovery in Stolar's employment contract.

Moreover, even if there was no agreement, Courts analyze a request for expedited discovery under the "flexible standard of reasonableness and good cause." <u>Ayyash v. Bank Al-Madina</u>, 233 F.R.D. 325, 326, 327 (S.D.N.Y. 2005) (noting that later cases have rejected application of preliminary injunction standard to request for expedited discovery, and further noting that "employing a preliminary-injunction type analysis to determine entitlement to expedited discovery makes little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction standard").

In this case, based on the alleged facts contained in the Declaration of Henry Fischel-Bock, including Stolar's e-mailing of proprietary U.S. Trust business information to a competitor and the sudden resignations of nearly all of the high level employees in the Western Region of U.S. Trust's MFO (and another employee from the MFO in New York City), there is more than enough good cause to require expedited discovery in this case.

Indeed, expedited discovery is crucial to determine (i) the full extent to which Stolar may have solicited other U.S. Trust employees, including those who resigned without notice to join him at Morgan Stanley; (ii) exactly what proprietary U.S. Trust business and client information Stolar retained and/or utilized in violation of his express confidentiality obligations and the privacy rights of clients; and (iii) to what degree Stolar has solicited U.S. Trust clients in violation of his non-solicitation covenant.

It is undisputed that numerous other U.S. Trust employees resigned virtually simultaneously with (or only shortly after) Stolar's abrupt resignation. It is undisputed Stolar emailed proprietary U.S. Trust business information over two months before resigning. It also is

undisputed that U.S. Trust clients have transferred assets to Morgan Stanley. (See declaration of Henry Fischel-Bock). Since Stolar acted in secrecy, however, and resigned without notice, the only way to discovery the full scope of his misdeeds and illegal conduct is through expedited discovery; **the exact relief Stolar contractually agreed to and to which U.S. Trust is explicitly entitled under F.R.C.P. 26 and New York law**.

## IV.  CONCLUSION

For all of the foregoing reasons, U.S. Trust respectfully requests that its motion for expedited discovery in anticipation of preliminary injunctive relief proceedings be granted.

Dated:  August 17, 2007
       New York, New York

                                  **GIBBONS P.C.**
                                  One Pennsylvania Plaza, 37th Floor
                                  New York, NY 10119-3701
                                  (212) 613-2000
                                  Attorneys for Plaintiff
                                  U.S. Trust Company, N.A.

                                  Mark W. Stoutenburg

Of Counsel:

Christopher C. Coss
Thomas J. Momjian
Coss & Momjian, LLP
111 Presidential Blvd., Suite 233
Bala Cynwyd, Pennsylvania 19004
(610) 667-6912

#1218964 v1
104768-60458