UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. TRUST COMPANY, N.A., | Civil Action No. 07 CV 7357 (WHP) (AJP) |
| Plaintiff, | |
| -against- | |
| ROBERT S. STOLAR, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF U.S. TRUST COMPANY'S MOTION FOR EXPEDITED DISCOVERY**

**GIBBONS P.C.**
One Pennsylvania Plaza
New York, New York  10119-3701
(212) 613-2000

-and-

**COSS & MOMJIAN, LLP**
111 Presidential Blvd., Suite 233
Bala Cynwyd, Pennsylvania 19004
(610) 667-6800

Attorneys for Plaintiff

#1224280 v1
104768-60458

**I.     INTRODUCTION**

Defendant Stolar continues to oppose U.S. Trust's motion for expedited discovery, despite the fact that he explicitly agreed to it in his employment contract. There is no dispute that Stolar agreed not to solicit any U.S. Trust employees. There is no dispute that the business unit Stolar supervised at U.S. Trust has been completely decimated. Over the course of approximately two months, five employees in that unit resigned along with Stolar to work at Morgan Stanley, with the latest resignation occurring on August 16. There is also no dispute that, <u>prior to his resignation from Morgan Stanley and while still employed with U.S. Trust</u>, Stolar e-mailed a proprietary U.S. Trust Emerging Markets Presentation to Morgan Stanley, in violation of his contractual, trade secret and fiduciary obligations.

As set forth below, U.S. Trust is entitled to expedited discovery in this matter.

**II.    ARGUMENT**

    **A.     The Court Should Grant U.S. Trust Expedited Discovery
            Because Stolar Consented to Expedited Discovery**

By opposing expedited discovery, Stolar is breaching the clear terms of his employment contract that explicitly provides for such discovery. Stolar's argument that U.S. Trust must first file a motion for a preliminary injunction in order to obtain expedited discovery (see Stolar's Opposition Mem. at 12), is belied by the plain language of his contract and New York law.

Stolar's contract states simply that "should U.S. Trust seek temporary or preliminary injunctive relief . . ., U.S. Trust shall be entitled to expedited discovery including depositions . . . ." Because of Stolar's breaches and/or threatened breaches, U.S. Trust has requested the remedy of a preliminary injunction in its Complaint and, depending on the results of expedited discovery,

may move for a preliminary injunction. Stolar's contract clearly does not require U.S. Trust to move for preliminary injunctive relief before obtaining expedited discovery.

Moreover, courts in New York routinely order expedited discovery in anticipation of a motion for preliminary injunctive relief to be filed at a later date. See, e.g., Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, 07 Civ. 2014, 2007 U.S. Dist. LEXIS 27342 (S.D.N.Y. April 11, 2007) (affirming magistrate's order granting expedited discovery "in anticipation" of a preliminary injunction motion); Verwaltungs GmbH v. Acciona, S.A., 468 F. Supp.2d 537, 543 (S.D.N.Y. 2006) (Court ordered expedited discovery the day after the Complaint was filed and prior to the filing of plaintiff's preliminary injunction motion). There is simply no requirement under New York law that a party must first file a motion for preliminary injunctive relief in order to obtain expedited discovery.

In sum, Stolar's employment agreement and New York law expressly require him to participate in expedited discovery in this case. The fact that he continues to oppose this clear obligation lends further credence to U.S. Trust's allegations that he has violated other provisions of his contract.

**B.   Even in the Absence of any Contractual Provision Requiring Expedited Discovery, U.S. Trust is Entitled to Expedited Discovery Based on Good Cause**

Even in the absence of Stolar's agreement to expedited discovery, U.S. Trust is still entitled to such discovery for "good cause." In opposing expedited discovery, Stolar relies to a great degree on Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982). This reliance is misplaced.

In assessing the standard for expedited discovery, the Court in Ayyash v. Bank Al-Madina, correctly held that "many recent cases reject Notaro and apply a more flexible 'good cause' test." 233 F.R.D. 325, 326 (S.D.N.Y. 2005) (emphasis added); see also Standard Inv. Chartered, 2007 U.S. Dist Lexis 27342, at *16 (recognizing that Notaro is not controlling

authority). In Ayyash, the Court noted that the Notaro test, which is akin to a preliminary injunction analysis, "makes little sense" in the expedited discovery context, "especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing." Ayyash, 233 F.R.D. at 326-327.

Notwithstanding Stolar's express agreement to expedited discovery, U.S. Trust has shown more than enough "good cause" to obtain expedited discovery in this case. Five U.S. Trust employees whom Stolar supervised or with whom he worked all resigned within a period of two months to begin working at Stolar's new employer, Morgan Stanley. U.S. Trust also knows that Stolar e-mailed proprietary U.S. Trust materials to Morgan Stanley.

Stolar claims that U.S. Trust "delayed" in suing him, and therefore U.S. Trust should somehow not be entitled to expedited discovery. This argument is without merit. Indeed, the availability of expedited discovery is not predicated on any legal requirement that U.S. Trust sue Stolar immediately upon his resignation and possibly without any basis. In fact, U.S. Trust acted promptly to assert its rights given that the individuals in Stolar's business unit all resigned over a protracted period of time.

In sum, "good cause" exists to order expedited discovery so that U.S. Trust may substantiate its allegations that Stolar solicited U.S. Trust employees and/or clients and misappropriated U.S. Trust proprietary information. Of course, as noted above, U.S. Trust need not allege or prove "good cause" because Stolar expressly agreed to expedited discovery in his employment contract.

    **C.**    **Even though U.S. Trust Need Not Prove Irreparable Harm for Purposes of its Motion for Expedited Discovery, U.S. Trust In Any Event Can Demonstrate Irreparable Harm**

Stolar incorrectly argues that U.S. Trust must prove irreparable harm in order to obtain expedited discovery. This argument completely ignores both Stolar's contractual agreement to

expedited discovery and the "many recent cases reject[ing]" the Notaro analysis. See Point II.B, supra. Simply put, for the reasons set forth in Ayyash, it is inappropriate for Stolar to even raise the issue of irreparable harm in the expedited discovery context.

In any event, it is black letter law in New York that the type of wrongdoing alleged by U.S. Trust in this case constitutes irreparable harm. The harm resulting from breaches of Stolar's non-solicitation/non-disclosure agreement, at issue here, "is irreparable and a legal remedy is inadequate." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Rahn, 73 F. Supp. 2d 425, 428-29 (S.D.N.Y. 1999) (granting preliminary injunctive relief); see also Johnson Controls, Inc. v. A.P.T. Critical Sys., Inc., 323 F. Supp. 2d 525, 532 (S.D.N.Y. 2004) ("[W]hen a party violates a non-compete clause, the resulting loss of client relationships and customer good will built up over the years constitutes irreparable harm"); Muze, Inc. v. Digital On-Demand, Inc., 123 F. Supp. 2d 118, 131 (S.D.N.Y. 2000) (unauthorized use of proprietary data and potential risk of market advantage constitutes irreparable harm), rev'd on other grounds, 356 F.3d 492 (2d Cir. 2004).

Moreover, as the Second Circuit has explained, it is "very difficult to calculate monetary damages that would successfully redress the loss of a relationship with a client that would produce an indeterminate amount of business in years to come." Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 69-70 (2d Cir. 1999). Multiple circuit courts have held this to be true, specifically in the financial services industry. See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc v. Salvano, 999 F.2d 211, 215 (7th Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley, 756 F.2d 1048, 1055 (4th Cir. 1985); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham, 658 F.2d 1098, 1102, n.8 (5th Cir. 1981).

The cases cited by Stolar are distinguishable. Stolar's Opposition Mem. at 7. In each of them, unlike here, the Court found no evidence of misappropriation. See U.S. Re Companies, Inc. v. Scheerer, 41 A.D.3d 152, 154-55, 838 N.Y.S.2d 37, 39 (1st Dep't 2007) ("U.S. Re produced no factual support before the motion court to substantiate this contention [that the confidentiality agreement was breached]."); Jarvis v. Stotler, 216 A.D.2d 649, 650, 627 N.Y.S.2d 810, 812 (3d Dep't 1995) ("There is no evidence that defendant misappropriated trade secrets or customer lists . . . ."); Kanan, Corbin, Schupak & Aronow, Inc. v. FD Int'l, Ltd., 8 Misc.3d 412, 421, 797 N.Y.S.2d 883, 890 (Sup. Ct. New York Co. 2005) ("[I]t has already been established that the defendants have not misappropriated proprietary information.").

Stolar's reliance on Morgan Stanley v. Frisby, is ironic.[1] 163 F. Supp. 2d 1371 (N.D. Ga. 2001). In Frisby, Stolar's current employer, Morgan Stanley, the entity to whom Stolar e-mailed proprietary U.S. Trust information, sought to enforce its similar non-solicitation and non-disclosure provisions. Although the Court denied Morgan Stanley's request in that case, the Court in Morgan Stanley v. Rothe granted Morgan Stanley's request for a temporary restraining order. 150 F. Supp. 2d 67 (D.D.C 2001). In Rothe, Morgan Stanley argued, and the Court agreed, that if its non-solicitation agreement and trade secret rights were not enforced, Morgan Stanley would suffer irreparable harm. Id. at 76-77. Indeed, Stolar's new employer routinely seeks to enforce its contractual and trade secret rights, just like U.S. Trust is attempting to do in this case.

Finally, Stolar's argument that U.S. Trust is not entitled to injunctive relief because of the liquidated damages provision contained in the contract is without merit. First, the liquidated damages provision applies only to section 2 of the contract, the non-solicitation provision. It

#1224280 v1
104768-60458

does not apply to section 1 of his contract (the non-disclosure provision), nor does it apply to U.S. Trust's other claims regarding misappropriation of trade secrets and breach of fiduciary duty, upon which claims U.S. Trust also seeks preliminary injunctive relief.

Second, as Stolar's contract makes clear, the liquidated damages provision is "<u>in addition to all other legal and equitable remedies available to U.S. Trust</u>."  Section 2 of Stolar Employment Agreement (emphasis added).  Courts in New York have long recognized that a contract providing for liquidated damages in not an exclusive remedy and is not a bar to equitable relief unless there is "explicit language in the contract that the liquidated damages provision was to be the sole remedy."  <u>Coizz v. Crossbay Realty Corp.</u>, 37 A.D.3d 640, 643, 831 N.Y.S.2d 433, 436 (2d Dep't 2007); <u>Zellner v. Stephen D. Conrad, M.D., P.C.</u>, 183 A.D.2d 250, 253, 589 N.Y.S.2d 903, 905 (2d Dep't 1992) (affirming granting of preliminary injunction despite plaintiff's argument that the "liquidated damages provision gave the defendant an adequate remedy at law"); <u>Picotte Realty, Inc. v. Gallery of Homes</u>, 66 A.D. 2d 978, 979, 412 N.Y.S.2d 47, 49 (3d Dep't 1978) ("We do not agree with defendant's contention that paragraph 5G of the agreement, a liquidated damages clause, precludes the granting of injunctive relief because plaintiff has an adequate remedy at law.").

In this case, Stolar's employment agreement is crystal clear; the liquidated damages provision is <u>in addition</u> to all other legal and equitable relief.  Simply put, even though it is premature to address the issue of irreparable harm now, there is no doubt that U.S. Trust has suffered, and will continue to suffer irreparable harm based upon Stolar's wrongful misconduct.

---

[1]     The Georgia court denied Morgan Stanley injunctive relief in <u>Frisby</u>, <u>but</u> <u>see</u> the Georgia court's decision in <u>Merrill Lynch, Pierce, Fenner & Smith v. Schwartz</u>, 991 F. Supp. 1480, 1482 (M.D. Ga. 1998) (issuing preliminary injunction for violation of restrictive covenant on finding of irreparable harm).

**D.    The Court Should Grant Expedited Discovery Because U.S. Trust Seeks Limited and Reasonable Expedited Discovery**

U.S. Trust seeks limited and reasonable expedited discovery. In addition to Mr. Stolar's deposition, U.S. Trust seeks to depose any of the individuals who previously worked with Mr. Stolar at U.S. Trust and who are now working with Mr. Stolar at Morgan Stanley in the New York/Northern New Jersey area. U.S. Trust also seeks to depose the Morgan Stanley employee to whom Mr. Stolar sent the Emerging Markets Presentation.

**IV.    CONCLUSION**

For all of the foregoing reasons and for the reasons stated in its initial memorandum of law, U.S. Trust respectfully requests that its motion for expedited discovery in anticipation of preliminary injunctive relief proceedings be granted.

Dated:  September 5, 2007
        New York, New York

> **GIBBONS P.C.**
> One Pennsylvania Plaza, 37th Floor
> New York, NY 10119-3701
> (212) 613-2000
> Attorneys for Plaintiff
> U.S. Trust Company, N.A.
>
> s/Mark W. Stoutenburg
> Mark W. Stoutenburg

Of Counsel:

Christopher C. Coss
Thomas J. Momjian
**COSS & MOMJIAN, LLP**
111 Presidential Blvd., Suite 233
Bala Cynwyd, Pennsylvania 19004
(610) 667-6800

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September, 2007, a true and correct copy of the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF U.S. TRUST COMPANY'S MOTION FOR EXPEDITED DISCOVERY was electronically filed with the Court and served via the Court's electronic filing system upon the following parties and participants:

Stuart P. Slotnick, Esq.
**Buchanan Ingersoll & Rooney PC**
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005
*Attorneys for Defendant*

s/ Mark W. Stoutenburg
Mark W. Stoutenburg
