UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. TRUST COMPANY, N.A.,

        Plaintiff,

v.

ROBERT S. STOLAR,

        Defendant.

Civil Action No. 07 CV 7357 (WHP) (AJP)

---

### DEFENDANT ROBERT STOLAR'S
### ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Robert Stolar ("Stolar"), through his counsel, hereby answers the Complaint of Plaintiff U.S. Trust Company, N.A. ("U.S. Trust"), pleads affirmative defenses, and Counterclaims against U.S. Trust as follows:

### ANSWER TO COMPLAINT

### I. PARTIES

1.    Stolar admits the allegations of this paragraph.

2.    Stolar admits the allegations of this paragraph.

### II. JURISDICTION AND VENUE

3.    Stolar admits that U.S. Trust invokes the Court's diversity jurisdiction and asserts that venue is proper in this District under the statute cited in this paragraph. However, whether diversity jurisdiction of the Court has been properly invoked and whether venue is proper constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph. By way of further response, since U.S. Trust has not sought temporary or preliminary injunctive relief against Stolar, the parties are bound to arbitrate any claims U.S. Trust may have against Stolar.

## III. FACTS COMMON TO ALL COUNTS

4.     Stolar admits the allegations of this paragraph.

5.     Stolar admits that he was the Principal for U.S. Trust's MFO for the Western Region from approximately November 2005 until June 28, 2007. Stolar denies that this period constitutes all relevant times. Stolar admits the remaining allegations of this paragraph.

6.     Stolar admits that he signed the "Employment Agreement Regarding Confidentiality and Solicitation" attached as Exhibit A to the Complaint. Exhibit A speaks for itself and Stolar denies U.S. Trust's characterization of Exhibit A. Stolar denies the remaining allegations of this paragraph.

7.     Stolar admits that he signed the "Employment Agreement Regarding Confidentiality and Solicitation" attached as Exhibit A to the Complaint. Exhibit A speaks for itself and Stolar denies U.S. Trust's characterization of Exhibit A. Stolar denies the remaining allegations of this paragraph.

8.     Stolar admits that he signed the "Employment Agreement Regarding Confidentiality and Solicitation" attached as Exhibit A to the Complaint. Exhibit A speaks for itself and Stolar denies U.S. Trust's characterization of Exhibit A. Stolar denies the remaining allegations of this paragraph.

9.     Stolar admits that he filled out the Code of Business Conduct and Ethics attached as Exhibit B to the Complaint. Exhibit B speaks for itself and Stolar denies U.S.Trust's characterization of Exhibit B. Stolar denies the remaining allegations of this paragraph.

10.     Stolar admits that he resigned from U.S. Trust on June 28, 2007. Stolar admits that he then commenced employment with Morgan Stanley & Co. Incorporated ("Morgan Stanley"), which is a direct competitor of U.S. Trust. Stolar admits that he works in New York

City. Stolar admits that Mary Davey, Christine Guidera, Morris Noble and Stacy Pugsley worked with or for him in U.S. Trust's MFO. Stolar admits that Mary Davey and Christine Guidera resigned from U.S. Trust on the same day that Stolar did and thereafter joined Morgan Stanley. Stolar admits that Morris Noble and Stacy Pugsley resigned from U.S. Trust approximately two weeks after Stolar's resignation and thereafter joined Morgan Stanley. Stolar denies the remaining allegations of this paragraph.

11.  Stolar denies the allegations of this paragraph.

12.  Stolar admits that on or about April 12, 2007 he emailed an Emerging Markets presentation to Noland Cheng, a former co-worker, who is now the Co-Chief Operations Officer of Morgan Stanley. Stolar admits that the Emerging Markers presentation contained, among other things, model client asset allocations. Stolar denies the remaining allegations of this paragraph.

13.  Stolar denies the allegations of this paragraph.

14.  Stolar denies the allegations of this paragraph.

15.  Stolar denies the allegations of this paragraph.

16.  Stolar denies the allegations of this paragraph.

## COUNT I
## INJUNCTIVE RELIEF

17.  Stolar incorporates by reference his response to Paragraphs 1-16 as if fully set forth herein.

18.  The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

19. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

20. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

## COUNT II
## BREACH OF CONTRACT

21. Stolar incorporates by reference his response to Paragraphs 1-20 as if fully set forth herein.

22. Stolar denies the allegations of this paragraph.

23. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

## COUNT III
## CONVERSION AND MISAPPROPRIATION OF TRADE SECRETS

24. Stolar incorporates by reference his response to Paragraphs 1-23 as if fully set forth herein.

25. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

26. Stolar denies the allegations of this paragraph.

27. Stolar denies the allegations of this paragraph.

28. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

29. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

## COUNT IV
## BREACH OF THE DUTY OF LOYALTY AND BREACH OF FIDUCIARY DUTY

30. Stolar incorporates by reference his response to Paragraphs 1-29 as if fully set forth herein.

31. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

32. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

## COUNT V
## UNFAIR COMPETITION

33. Stolar incorporates by reference his response to Paragraphs 1-32 as if fully set forth herein.

34. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

35. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

## COUNT VI
## TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

36. Stolar incorporates by reference his response to Paragraphs 1-35 as if fully set forth herein.

37. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

38. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

39. The allegations in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent a response is deemed required, Stolar denies the allegations of this paragraph.

## ANSWER TO ALL ALLEGATIONS

Stolar denies each and every allegation not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of frauds.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because it cannot, as a matter of law, show that it has been, or will be, irreparably harmed by any of Stolar's actions.

Stolar has insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated, defenses available. Stolar reserves the right to assert additional defenses in the event discovery indicates additional defenses would be appropriate. In addition, Stolar reserves his right to bring any and all claims he may have, and raise any all defenses he may have, at any future arbitration proceeding between the parties. Nothing herein shall constitute a waiver of such claims or defenses.

## COUNTERCLAIM

### COUNT I
### ATTORNEYS' FEES AND COSTS

1. Paragraph 8 of the parties' "Employment Agreement Regarding Confidentiality and Non-Solicitation" provides as follow:

> **8. Attorneys Fees and Costs**
>
> In the event that a party to this Agreement brings an action to enforce any provision of the Agreement, the prevailing party shall be entitled to its attorneys' fees and costs incurred to enforce such claims.

2. As set forth in full in Paragraph 1-39 of Stolar's Answer and in his Affirmative Defenses, Stolar is not liable to U.S. Trust for breach of any provision of the "Employment Agreement Regarding Confidentiality and Non-Solicitation."

3. Accordingly, Stolar will be the prevailing party in this action and is entitled to payment by U.S. Trust of all attorneys' fees and costs incurred in this lawsuit.

WHEREFORE, Robert Stolar respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice, enter judgment in Stolar's favor and against Plaintiff, and award Stolar his attorneys' fees and costs and such other relief as the Court may deem appropriate.

Respectfully submitted,

By: _____
Stuart P. Slotnick, Esq.
Joseph A Dougherty, Esq.
Andrew J. Shapren, Esq.
**BUCHANAN INGERSOLL & ROONEY P.C.**
One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
(212) 440-4400

Attorneys for Robert Stolar