**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

U.S. TRUST COMPANY, N.A.,

                    Plaintiff,

      v.

ROBERT S. STOLAR,

                    Defendant.

Civil Action No.  07-CV-7357 (WHP)

**REPLY TO COUNTERCLAIM**

---

Plaintiff U.S. Trust Company, N.A. ("U.S. Trust"), by their attorneys Gibbons P.C., for their Reply to Defendant Robert S. Stolar's Counterclaim, dated October 26, 2007 (the "Counterclaim"), states as follows:

## Reply to Counterclaim

1.      The allegations contained in Paragraph 1 of the Counterclaim simply refer to the parties' "Employment Agreement Regarding Confidentiality and Non-Solicitation." The referenced document speaks for itself and, accordingly, no response is required on behalf of U.S. Trust.  To the extent a response is required, U.S. Trust denies any remaining allegations contained therein.

2.      The allegations contained in Paragraph 2 of the Counterclaim constitute legal conclusion to which no response is required on behalf of U.S. Trust.  To the extent a response is required, U.S. Trust denies the allegations contained in Paragraph 2 of the Counterclaim.

3.      The allegations contained in Paragraph 3 of the Counterclaim constitute legal conclusion to which no response is required on behalf of U.S. Trust.  To the extent a

#1243610 v1
104768-60458

response is required, U.S. Trust denies the allegations contained in Paragraph 3 of the

Counterclaim.

### Affirmative Defenses to Defendant's Counterclaim

### First Defense

The Counterclaim fails to state a cause of action upon which relief can be granted.

### Second Defense

Defendant's Counterclaim is governed by the arbitration agreement between the

parties and should be submitted to the arbitral panel for resolution, in accordance therewith.

### Third Defense

U.S. Trust is entitled to its attorneys' fees as the prevailing party in connection with

its application for expedited discovery under Paragraph 5 of the Employment Agreement

Regarding Confidentiality and Non-Solicitation.

### Fourth Defense

The damages, if any, alleged to have been sustained by defendant were caused, in

whole or in part, by the culpable conduct of Defendant.

### Fifth Defense

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of laches.

### Sixth Defense

Defendant's Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

#1243610 v1
104768-60458

Dated:  New York, New York
         November 14,  2007

                         **GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York  10119-3701
(212) 613-2000

/s/ Mark W. Stoutenburg
Mark W. Stoutenburg
Paul A. Saso
*Attorneys for Plaintiff*
*U.S. Trust Company, N.A.*

Of Counsel:

Thomas J. Momjian, Esq.
Christopher C. Coss
**COSS & MOMJIAN, LLP**
111 Presidential Boulevard, Suite 233
Bala Cynwyd, Pennsylvania 19004
(610) 667-6800

#1243610 v1
104768-60458

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November, 2007, the foregoing REPLY TO

COUNTERCLAIM was filed with the Clerk of the Court and served in accordance with the

Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the

Southern District's Rules on Electronic Service upon the following parties and participants:

Stuart P. Slotnick, Esq.
Buchanan Ingersoll & Rooney PC
One Chase Manhattan Plaza, 35th Floor
New York, New York  10005-1417
*Attorneys for Defendant*


/s/ Mark W. Stoutenburg

#1243610 v1
104768-60458